**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Informaxion Solutions, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:15-cv-00290-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Vantus Group, Vantus Technology Corporation, and Vantus Manufacturing Corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Vantus Group, Vantus Technology Corporation, and Vantus Manufacturing Corporation's (collectively "Defendants") Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Transfer Venue (ECF No. 5) ("Motion"). For the reasons set forth herein, the Court denies Defendants' Motion without prejudice and with leave to refile.

**BACKGROUND**

On December 11, 2014, Plaintiff filed this action in the Berkeley County Court of Common Pleas against Vantus Group, Vantus Technology Corporation ("VTC"), and Vantus Manufacturing Corporation ("VMCS").[1] Plaintiff's Complaint alleges that on or about April 9, 2014, the Parties executed a Professional Services Agreement ("Agreement") regarding the provision of certain information technology consulting services. The Agreement was accompanied by a Statement of Work ("SOW") to be performed. The Complaint also alleges that "Plaintiff provided Defendant with semi-monthly invoices as required by the Agreement, which included hourly charges for the detailed work necessary to fulfill the Agreement and

---
1. Defendants assert that Plaintiff's Complaint incorrectly identifies Vantus Manufacturing Corporation Systems as Vantus Manufacturing Corporation.

SOW, as well as hard costs incurred (such as travel and meeting-related expenses)." (Pl.'s Compl. 2, ¶ 8, ECF No. 1-1, at 4). According to Plaintiff, Defendants have failed to remit payment for a single invoice, despite Plaintiff's performance of its obligations under both the Agreement and the SOW. Plaintiff further contends that it attempted to discuss the negotiation and payment of the outstanding invoices but that this effort proved fruitless.

Plaintiff thereafter filed suit in state court, asserting causes of action for breach of contract, violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10-20(a) *et seq.*, and unjust enrichment. Defendants subsequently removed the present action to this Court on January 21, 2015, maintaining that jurisdiction was proper under 28 U.S.C. § 1332. On January 28, 2015, Defendants filed the instant Motion seeking to dismiss Plaintiff's Complaint pursuant to section 15-5-150 of the South Carolina Code of Laws and Rules 12(b)(2), (5), and (6) of the Federal Rules of Civil Procedure. In the alternative, Defendants move to transfer this action to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a) (2006). Plaintiff filed a Response on February 17, 2015, and Defendants filed a Reply on February 26, 2015.

## DISCUSSION

As a court of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must remain mindful of the fact that "[t]he validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties," *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982) (citing *Stoll v. Gottlieb*, 305 U.S. 165, 171–72 (1938); *Thompson v. Whitman*, 85 U.S. (18 Wall.) 457, 465 (1873)). With this guiding principle in mind, the Court has carefully considered the present Motion and the arguments of counsel. However, after thoroughly reviewing the record in this

case, the Court concludes that it lacks sufficient information at this juncture to confirm that either jurisdictional prerequisite has been satisfied. *See United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) ("A court is to presume . . . that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper."). Accordingly, for the reasons outlined below, the Court denies Defendants' Motion without prejudice and with leave to refile following the completion of limited discovery.

Based on a review of Defendants' Motion, it appears that a critical issue before the Court is the propriety of exercising personal jurisdiction over Defendants. "[T]o validly assert personal jurisdiction over a non-resident defendant, two conditions must be satisfied." *Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). First, the exercise of jurisdiction must be authorized by the long-arm statute of the forum state, and second, the exercise of personal jurisdiction must not "overstep the bounds" of the Fourteenth Amendment's Due Process Clause. *Anita's N.M. Style Mexican Food, Inc. v. Anita's Mexican Foods Corp.*, 201 F.3d 314, 317 (4th Cir. 2000). South Carolina's long-arm statute has been construed to be coextensive with, and reach the outer limits allowed by, the Due Process Clause. *E.g.*, *ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012). Therefore, the dual jurisdictional requirements collapse into the due process analysis. *See id.* Accordingly, the scope of the inquiry is whether a defendant has "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). The analytical framework for determining whether minimum contacts exist differs according to which species of personal jurisdiction—general or specific—is alleged. *See generally ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623–24 (4th Cir. 1997). Here, Plaintiff concedes that

3

Defendants are not subject to general jurisdiction. When a cause of action arises out of a defendant's contacts with the forum, a court may seek to exercise specific jurisdiction over a defendant that purposefully directs activities toward the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985).

When personal jurisdiction is challenged by a nonresident defendant, the question raised is one for the judge, with the plaintiff bearing the burden of demonstrating that jurisdiction exists. *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir. 1997) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). To that end, a court may compel or permit discovery to aid in its resolution of personal jurisdiction issues raised in a defendant's motion to dismiss. *See Cent. Wesleyan Coll. v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992); *see also, e.g.*, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *McLaughlin v. McPhail*, 707 F.2d 800, 806–07 (4th Cir. 1983) (per curiam) (noting that limited discovery "may be warranted to explore jurisdictional facts in some cases"); *Vogel v. Boddie-Noell Enters., Inc.*, CIV. WDQ-11-0515, 2011 WL 3665022, at *3 (D. Md. Aug. 18, 2011) ("Absent a developed record, 'a trial court should allow plaintiffs the opportunity to discover facts to support jurisdictional allegations.'" (quoting *EEOC v. Alford*, 142 F.R.D. 283, 286 (E.D. Va. 1992))); *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988) ("In determining a motion to dismiss for lack of personal jurisdiction, the Court may either postpone the decision and permit discovery, determine the motion on the basis of the pleadings and affidavits, or hold an evidentiary hearing." (citing *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981))).

Under the Federal Rules of Civil Procedure, district courts have broad discretion to allow jurisdictional discovery. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 2003). However, a district court need not allow jurisdictional discovery if such discovery would unnecessarily burden the defendant. *Rich*, 121 F.R.D. at 259. The Fourth Circuit has stated that "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Notably, "[o]nce jurisdictional discovery or an evidentiary hearing is completed, the plaintiff's preponderance of the evidence burden applies and the plaintiff no longer has the benefit of favorable interpretations of pleading allegations." *Estate of Thompson v. Mission Essential Pers., LLC*, No. 1:11CV547, 2014 WL 4745947, at *2 (M.D.N.C. Sept. 23, 2014).

Applying the aforementioned legal principles to the case *sub judice*, the Court concludes that jurisdictional discovery is warranted and would aid the Court in determining whether personal jurisdiction exists over Defendants. Plaintiff has offered more than mere "speculation or conclusory assertions," *id.*, or "bare allegations in the face of specific denials," *Rich*, 121 F.R.D. at 259, regarding Defendants' contacts with the forum state. Nevertheless, it appears that the relevant facts are in dispute and that critical questions remain unanswered;[2] however, the jurisdictional issues should be easily clarified through limited discovery. Accordingly, the Court, in its discretion, finds that discovery is necessary on the issue of Defendants' contacts with the State of South Carolina. The Parties are to immediately confer regarding the scope of

---

2. Based on the Parties' briefing, it appears that the Parties disagree both regarding Defendants' contacts with South Carolina and regarding whether those contacts were the precise source or origin of the present dispute. Additionally, the record is unclear with respect to issues such as the extent to which one or more Defendants communicated or corresponded, via electronic means or otherwise, with Plaintiff's officers and agents in South Carolina. Further, questions remain regarding the nature and scope of the work performed in South Carolina, as well as the extent to which Defendants were aware of this work or intended for it to be performed in South Carolina.

5

such discovery, which shall be completed within forty-five (45) days of the date of this Order. Upon the completion of jurisdictional discovery, Defendants may supplement, revise, and refile the instant Motion if the propriety of this Court exercising personal jurisdiction over Defendants is still in dispute.

Additionally, the Court notes that the citizenship of Plaintiff and Vantus Group is less than clear from the record. "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc); *see also Fung Lin Wah Enters. Ltd. v. E. Bay Imp. Co.*, 465 F. Supp. 2d 536, 540 n.3 (D.S.C. 2006) ("It should be noted . . . that 'lack of subject matter jurisdiction is an issue that requires sua sponte consideration when it is seriously in doubt.'" (quoting *Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985))). Without further clarification regarding the citizenship of Plaintiff and Vantus Group,[3] the Court is unable to fulfill its independent obligation to confirm that subject matter jurisdiction is proper. Moreover, absent additional information as to the citizenship and residency of the Parties, the Court is constrained to defer ruling on the related

---

3. Although Plaintiff's formulation of the case caption identifies Plaintiff as a corporation, the Complaint later alleges that "Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware." (Pl.'s Compl. 1, ¶ 1). Plaintiff is also referred to as a "corporation," "limited liability company," and "limited liability corporation" interchangeably in the Parties' briefs and the accompanying materials. While the Court is inclined to accept Plaintiff's allegation that it is in fact a limited liability company, the question is only further complicated by Plaintiff's repeated reference to and reliance upon the "nerve center" test for determining a corporation's principal place of business. Defendants, for their part, simply refer to Vantus Group as "unincorporated," (Defs.' Notice of Removal 1), or as "an unincorporated entity with its principal place of business in Waukesha, Wisconsin," (Defs.' Mem. in Supp. Mot. 1). Accordingly, the Parties shall supplement the record regarding the citizenship of Plaintiff and Vantus Group—or more particularly, the citizenship of their respective members. *See Jennings v. HCR ManorCare Inc.*, 901 F. Supp. 2d 649, 651, 653 (D.S.C. 2012) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. . . . It is well established that an LLC is not a corporation and is not considered a citizen of its state of incorporation and principal place of business."); *Bostic Dev. at Lynchburg LLC v. Liberty Univ., Inc.*, No. CIV.A.6:05 CV 00013, 2005 WL 2065251, at *1 (W.D. Va. Aug. 25, 2005) ("[T]he requirements for pleading diversity when unincorporated entities are involved are well settled. Specifically, the citizenship of a partnership or other unincorporated entity is defined by the citizenship of its members.").

issues and arguments pertaining to, *inter alia*, the effect of section 15-5-150 and the propriety of transferring venue to the United States District Court for the Eastern District of Wisconsin.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Defendants' Motion is **DENIED WITHOUT PREJUDICE AND WITH LEAVE TO REFILE**. It is **FURTHER ORDERED** that jurisdictional discovery shall be completed within forty-five (45) days of the date of this Order.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**June 17, 2015**
**Charleston, South Carolina**